IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**SIXTO SUERO-HERNANDEZ,**          *
    Petitioner,          *
                                  *
                                  *
        v.          *
                                  *          **CIVIL NO. 10-1955(JAG)**
                                  *          **Related No. 03-178(JAG)**
**UNITED STATES OF AMERICA,**          *
    Respondent.          *
_____          *

## OPINION & ORDER

Before the Court is Petitioner Sixto Suero-Hernandez's (hereinafter "Petitioner" or "Suero-Hernandez") motion for habeas corpus relief filed under 28 U.S.C. Sec. 2255 (D.E. 2)[1].  Respondent United States of America timely filed its response (D.E. 8).  For the reasons discussed below, the Petition shall be **DISMISSED WITH PREJUDICE.**

## I. BACKGROUND

On July 2, 2003, Petitioner, along with three other co-defendants, was indicted by a Federal Grand Jury (Crim. D.E. 18)[2].

Count One (1) charged: On or about June 7, 2003, on the high seas and elsewhere on board a vessel subject to the jurisdiction of the United States, [1] Hugo Alexander Echevarría; [2] Pablo Vazquez; [3] Sixto Suero; [4] Pedro Silverio the defendants herein, aiding and abetting one

---

[1]D.E. is an abbreviation of docket entry.

[2]Crim. D.E. is an abbreviation of criminal docket entry number.

another, did knowingly, intentionally, and unlawfully possess with intent to distribute more than five kilograms of cocaine, a Schedule II Controlled Substance, in violation of Title 46, <u>United States Code Appendix</u>, Section 1903(a), and Title 18, <u>United States Code</u>, Section 2. (Crim. D.E. 18).

Count Two (2) charged: On or about June 7, 2003, on the high seas and elsewhere within the jurisdiction of this Court, [1] Hugo Alexander Echevarría; [2] Pablo Vazquez; [3] Sixto Suero; [4] Pedro Silverio the defendants herein, did knowingly, unlawfully, and intentionally combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury, to commit an offense defined in Title 46, <u>United States Code Appendix</u>, Section 1903(a), that is, to possess with intent to distribute more than five (5) kilograms of cocaine, a Schedule II Controlled Substance, on board a vessel subject to the jurisdiction of the United States, all in violation of Title 46, <u>United States Code Appendix</u>, Section 1903(j). (Crim. D.E. 18).

On August 29, 2003, Petitioner, through his counsel, filed a Motion for Change of Plea (Crim. D.E. 39). On September 2, 2003, Petitioner's Plea Agreement with the Government was filed (Crim. D.E. 48). On September 2, 2003, Petitioner's Change of Plea Hearing was held

(Crim.D.E. 54)[3].

Pursuant to the terms and conditions of the Plea Agreement, Suero-Hernandez pled guilty to count two of the Indictment (Crim. D.E. 59). On October 10, 2003, Petitioner, through his counsel, filed a Sentencing Memorandum (Crim. D.E. 63). On December 4, 2003, Petitioner was sentenced to a term of imprisonment of one hundred and thirty five (135) months, a term of Supervised Release of five (5) years and a Special Monetary Assessment of one hundred (100) dollars (Crim. D.E. 83). On December 5, 2003, Petitioner's Judgment was entered (Crim. D.E. 83). On December 11, 2003, Petitioner filed a Notice of Appeal (Crim. D.E. 89).

On July 21, 2006, the First Circuit Court of Appeals issued its Judgment. The Appeals Court affirmed the sentence in part, and vacated the conditions of supervised release relating to drug testing and treatment (Appeal No. 04-1083, 1st Cir. July 21, 2006). On November 21, 2006, Petitioner's counsel filed a Sentencing Memorandum[4] (Crim.D.E. 170). On December 15, 2008, the Government filed its response in opposition to the previously filed sentencing memorandum (Crim.D.E. 175). On December 18, 2006, Suero-Hernandez's Re-Sentencing Hearing was held

---

[3]The Change of Plea Hearing was held before Magistrate Judge after Petitioner consented to proceed before a Magistrate Judge (Crim. D.E. 59).

[4]Petitioner's counsel for the re-sentencing phase was a new court-appointed attorney.

(Crim. D.E. 176). Petitioner was re-sentenced to a term of imprisonment of one hundred and thirty five (135) months, a term of Supervised Release of five (5) years and a Special Monetary Assessment of one hundred (100) dollars[5] (Crim. D.E. 177). On December 19, 2006, the Amended Judgment was entered (Crim. D.E. 177). On December 28, 2006, Petitioner filed a Notice of Appeal (Crim.D.E. 178). Petitioner voluntarily dismissed this appeal pursuant to Federal Rule of Appellate Procedure 42(b) (Appeal No. 07-1200, 1st Cir. October 30, 2007).

Thereafter, in 2010, Petitioner filed a Motion before the First Circuit Court of Appeals requesting permission from the Court to file a successive petition under 28, United States Code, Section 2255, to challenge his 2003 guilty plea to charges of possession with intent to distribute cocaine (Crim. D.E. 237). On July 9, 2010, the First Circuit issued its Judgment stating that since Petitioner had not previously filed a petition for habeas corpus, he did not need the Appeals Court's permission to do so. The Appeals Court informed Suero-Hernandez that he could file his Petition directly in the district court (Appeal No. 10-1751, 1st Cir. July 9, 2010). On October 4, 2010, Petitioner's 2555 request for relief was filed (D.E. 2). As such this case is ready for disposition.

---

[5]As per the instructions of the First Circuit Court, the only variation in Petitioner's sentence was as to the number of drug tests to be performed in a year.

## II. DISCUSSION

Suero-Hernández raises only one claim of ineffective assistance of counsel: Petitioner alleges that his trial counsel never advised him the effect that his guilty plea would have on his immigration status, as required by the Supreme Court's decision of <u>Padilla</u> v. <u>Kentucky</u>, 130 S. Ct. 1473 (2010).  Therefore, Petitioner contends his conviction should be vacated and he should have the opportunity to go to trial. The Court disagrees; in a nutshell, Petitioner's claim is time barred and must be dismissed.

Section 2255, as amended by the AEDPA[6] provides for a one year statute of limitations as follows:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claims presented could have been discovered through the exercise

---

[6] The AEDPA went into effect on April 24, 1996.

of due diligence. Title 28, United States Code, Section 2255.

In the case at hand, Suero's petition comes almost one year and seven months after the First Circuit entered judgment on his final appeal. Yet, Suero-Hernández filed his Petition under Section 2255(3), which provides that the one-year statute of limitations accrues from the date on which the right asserted was initially recognized by the Supreme Court, provided the right is retroactively applicable to cases on collateral review. Thus, in order for Suero-Hernández to show that his section 2255 petition is timely, he must be able to establish that Padilla applies retroactively.

Although the Padilla court was quite clear in holding that defense counsel must inform the client whether his plea carries a risk of deportation as part of the Sixth Amendment guarantees provided to defendants, it remained silent on the issue of whether this new holding would apply retroactively. A circuit split quickly arose on this issue, while the First Circuit remained silent. On February 20, 2013, the Supreme Court settled the matter in the case of Chaidez v. U.S., 133 S. Ct. 1103 (2013). There, the Court unequivocally stated that it had "announced a new rule in Padilla" and that therefore, "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." Id. at 1113.

As such, since Padilla is not retroactively applicable

to cases on collateral review, it does not apply to Petitioner's conviction on the guilty plea entered years before <u>Padilla</u> was decided. Petitioner's 2255 Petition is therefore time barred and shall not be entertained by the Court.

## III. CONCLUSION

For the reasons stated, Petitioner's request for federal habeas relief is **DENIED**. Furthermore, Petitioner's request for evidentiary hearing is also **DENIED**.

## IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby dismisses Petitioner's request for relief pursuant to 28 U.S.C. Section 2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February 2014.


                              **JAY A. GARCIA-GREGORY**
                              **UNITED STATES DISTRICT JUDGE**